**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

PATRICK GLEASON; and
LINDA GLEASON,

Plaintiffs,

v.

LOREN N. GABRYELSKI; and
SCHNEIDER NATIONAL CARRIERS, INC.

Defendant.

---

## CIVIL COMPLAINT AND JURY DEMAND

---

COMES NOW the Plaintiffs, Patrick Gleason and Linda Gleason, by and through their undersigned attorneys, Bachus & Schanker, LLC, and hereby submits their Civil Complaint and Jury Demand against Defendants Loren N. Gabryelski and Schneider National Carriers, Inc.  In support thereof, Plaintiffs allege and aver as follows:

## **PARTIES**

1.      At all times relevant hereto, Plaintiff Patrick Gleason (hereinafter referred to as "Plaintiff Patrick Gleason") was a citizen of the United States of America and a resident of the State of Illinois with a residential address of 2600 Fairway Drive, Energy, Illinois 62933.

2.      At all times relevant hereto, Plaintiff Patrick Gleason was an employee and/or agent driver of and for Walgreens Oshkosh, Inc., a nationwide trucking company, and acting within the course and scope of his employment with Walgreens Oshkosh, Inc.

3.      Upon information and belief, Cannon Cochran Management Services, Inc. has paid workmen's compensation benefits to, and/or on behalf of, Plaintiff Patrick Gleason as a result of the injuries, losses, and damages Plaintiff Patrick Gleason suffered in the Collision which underlies the instant personal injury case.

4.      At all times relevant hereto, Plaintiff Linda Gleason (hereinafter referred to as "Plaintiff Linda Gleason") was a citizen of the United States of America and a resident of the State of Illinois with a residential address of 2600 Fairway Drive, Energy, Illinois 62933.

5.      At all times relevant hereto, Plaintiff Linda Gleason was the wife and spouse of Plaintiff Patrick Gleason.

6.      Upon information and belief, at all times relevant hereto, Walgreens Oshkosh, Inc. (hereinafter "Walgreens"), was the owner and/or operator of a white 2020 Freightliner Cascadia semi truck (hereinafter "2020 Freightliner"), Wisconsin license plate number 97186X, VIN No. 3AKJHHDVXLSLU5540.

7.      Upon information and belief, at all times relevant hereto, Defendant Loren N. Gabryelski (hereinafter referred to as "Gabryelski"), was a citizen of the United States of America and a resident of the State of California with a residential address of 3845 Polk Street, Apt. 192, Riverside, California 92501.

8.      Upon information and belief, at all times relevant hereto, Defendant Schneider National Carriers, Inc. (hereinafter referred to as "Schneider"), was a corporation formed under the laws of the State of Nevada with a principal office street address of 3101 S. Packerland Drive, Green Bay, Wisconsin 54313.

9.     Upon information and belief, at all times relevant hereto, Defendant Schneider was the owner and/or operator of a white 2016 Freightliner Cascadia semi truck (hereinafter "2016 Freightliner"), Indiana license plate number 2288749, VIN No. 1FUJGLDR2GLGV6828.

10.     Upon information and belief, at all times relevant hereto, Defendant Schneider was a registered business organization in the State of Colorado.

11.     Upon information and belief, at all times relevant hereto, Defendant Schneider's registered agent in the State of Colorado is:  CT Corporation System, 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

12.     Upon information and belief, at all times relevant hereto, Defendant Gabryelski was an employee and/or agent driver of and for Defendant Schneider.

13.     Upon information and belief, at all times relevant hereto, Defendant Gabryelski was acting within the course and scope of her employment and/or agency with Defendant Schneider.

14.     This cause of action stems from a head-on collision, caused by the negligent conduct of Defendant Schneider's employee and/or agent driver, Defendant Gabryelski, in Costilla County, Colorado, on or about January 21, 2020, at approximately 4:55 p.m., causing Plaintiffs Patrick Gleason and Linda Gleason to suffer injuries, harms, and losses.

15.     This cause of action is brought to recover from Defendant Gabryelski and Defendant Schneider both liquidated and unliquidated damages for Plaintiffs' past and future medical expenses, loss of earnings, impairment of earning capacity, pain and suffering, inconvenience, emotional distress, impairment of quality of life, physical impairment, physical disfigurement, and the costs and attorneys' fees associated with the bringing of this action, plus pre- and post-judgment interest as well as any additional relief that is just and proper for Plaintiffs.

## JURISDICTION AND VENUE

16.     Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 16 of this Complaint as if set forth herein *verbatim*.

17.     This is a diversity jurisdiction case brought pursuant to 28 U.S.C. § 1332.

18.     Plaintiffs are citizens of the State of Illinois.

19.     Upon information and belief, Defendant Gabryelski is a citizen of the State of California.

20.     Upon information and belief, Defendant Gabryelski, as an employee and/or agent driver of and for Defendant Schneider – a nationwide trucking company – and driving the 2016 Freightliner owned and/or operated by Defendant Schneider – while in the course and scope of her employment and/or agency with Defendant Schneider – on the roads and highways of Colorado, has purposefully established minimum contacts with the State of Colorado.

21.     The State of Colorado has personal jurisdiction over Defendant Gabryelski.

22.     Upon information and belief, Defendant Schneider is a citizen of the State of Wisconsin.

23.     Upon information and belief, Defendant Schneider is a registered business organization in the State of Colorado.

24.     Upon information and belief, Defendant Schneider is a nationwide trucking company.

25.     Plaintiffs' claim against Defendant Schneider directly relates to Defendant Schneider's business as a nationwide trucking company.

26.     Upon information and belief, Defendant Schneider has purposefully established minimum contacts with the State of Colorado

27.     The State of Colorado has personal jurisdiction over Defendant Schneider.

28.     Plaintiff Patrick Gleason's injuries, damages, and losses exceed $75,000.

29.     Plaintiff Linda Gleason's injuries, damages, and losses exceed $75,000

30.     Plaintiff Patrick Gleason's injuries, damages, and losses were caused and occurred in Costilla County, Colorado.

31.     Plaintiff Linda Gleason's injuries, damages, and losses were caused in Costilla County, Colorado, and occurred in the State of Illinois.

32.     Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to Plaintiffs' claims, namely the site of the head-on collision, occurred in Costilla County, Colorado.

## CHOICE OF LAW

33.     Plaintiffs incorporate herein by this reference the allegations contained in Paragraph 1 through 32 of this Complaint as set forth herein *verbatim*.

34.     The site of the head-on collision occurred in Costilla County, Colorado.

35.     Plaintiff Patrick Gleason incurred injury in the State of Colorado.

36.     Plaintiff Linda Gleason incurred injury in the State of Illinois.

37.     Under the *most significant relationship* choice-of-law rule, Colorado's negligence law applies to Plaintiff Patrick Gleason's claims against Defendant Gabryelski.

38.     Under the *most significant relationship* choice-of-law rule, Colorado's vicarious liability/respondeat superior law applies to Plaintiff Patrick Gleason's vicarious liability/respondeat superior claim against Defendant Schneider.

39.     Under the *most significant relationship* choice-of-law rule, Colorado's negligent entrustment law applies to Plaintiff Patrick Gleason's negligent entrustment claim against Defendant Schneider.

40.     Under the *most significant relationship* choice-of-law rule, Colorado's negligent hiring/training/supervision/retention law applies to Plaintiff Patrick Gleason's negligent hiring/training/supervision/retention claim against Defendant Schneider.

41.     Under the *most significant relationship* choice-of-law rule, Colorado's loss of consortium law applies to Plaintiff Linda Gleason's loss of consortium claims against Defendant Gabryelski and Defendant Schneider.

42.     Under the *most significant relationship* choice-of-law rule, Colorado's comparative negligence law applies.

43.     Under the *most significant relationship* choice-of-law rule, Colorado's damages law applies.

## **GENERAL ALLEGATIONS**

44.     Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 44 of this Complaint as if set forth herein *verbatim*.

45.     On or about January 21, 2020, at approximately 4:55 p.m., Plaintiff Patrick Gleason was an employee and/or agent driver of Walgreens – a DOT registered motor carrier (#76502) located in Deerfield, Illinois, specializing in long-haul trucking.

46.     On or about the aforementioned date and time, Plaintiff Patrick Gleason was driving Walgreens' 2020 Freightliner westbound on Colorado Highway 160 in the #2 lane of travel in Costilla County, Colorado.

47.     Upon information and belief, on or about the aforementioned date and time, Defendant Gabryelski was driving Defendant Schneider's 2016 Freightliner eastbound on Colorado Highway 160 in the #1 lane of travel in Costilla County, Colorado.

48.     Upon information and belief, on or about the aforementioned date, time, and place, Defendant Gabryelski was pulling a semi-trailer behind Defendant Schneider's 2016 Freightliner.

49.     Upon information and belief, on or about the aforementioned date, time, and place, Defendant Gabryelski carelessly, negligently, and/or recklessly lost control of the 2016 Freightliner on the roadway, causing the 2016 Freightliner to rotate counter-clockwise and further causing the 2016 Freightliner to jackknife.

50.     Upon information and belief, on or about the aforementioned date, time, and place, the 2016 Freightliner driven by Defendant Gabryelski carelessly, negligently, and/or recklessly crossed over center line of the highway into the westbound lanes of Colorado Highway 160, traveled approximately 160.8 feet, and collided head-on with the 2020 Freightliner owned by Walgreens and driven by Plaintiff Patrick Gleason (hereinafter referred to as the "Collision").

51.     Upon information and belief, on or about the aforementioned date, time, and place, after the Collision the 2016 Freightliner owned by Defendant Schneider and driven by Defendant Gabryelski traveled in a northeastern direction for approximately another 44.9 feet when the trailer pulled by the 2016 Freightliner collided with a guardrail on the westbound shoulder of Colorado Highway 160.

52.     Upon information and belief, on or about the aforementioned date, time, and place, after the Collision the 2016 Freightliner and trailer came to rest, jackknifed, facing northwest, with the trailer facing northeast, blocking the entire roadway.

53.     Upon information and belief, on or about the aforementioned date, time, and place, after the Collision the 2020 Freightliner owned by Walgreens and driven by Plaintiff Patrick Gleason rotated slightly in a counter-clockwise direction while traveling west for approximately 67.9 feet, then collided with a guardrail on the westbound shoulder.

54.     Upon information and belief, on or about the aforementioned date, time, and place, after the Collision the 2020 Freightliner owned by Walgreens and driven by Plaintiff Patrick Gleason and the trailer being pulled by same came to rest facing west, blocking the #2 westbound lane of Colorado Highway 160.

55.     Upon information and belief, on or about the aforementioned date, time, and place, there was nothing Plaintiff Patrick Gleason could do to avoid the Collision between the 2016 Freightliner owned by Defendant Schneider and driven by Defendant Gabryelski and the 2020 Freightliner owned by Walgreens and operated by Plaintiff Patrick Gleason.

56.     On or about the aforementioned date, time, and place, the Collision caused Plaintiff Patrick Gleason to suffer severe and catastrophic injuries, losses, and damages, including, but not limited to:  a large gash on the crown of Plaintiff Patrick Gleason's head, a chest contusion, burns on Plaintiff Patrick Gleason's hands and stomach, a third-degree burn on Plaintiff Patrick Gleason's buttocks, a cracked right kneecap, swelling of – and a third degree burn on the back of – Plaintiff Patrick Gleason's left knee, a cracked heal spur in Plaintiff Patrick Gleason's left foot, and multiple fractures in the lumbar region of Plaintiff Patrick Gleason's spine.

57.     Upon information and belief, on or about the aforementioned date, time, and place, Defendant Gabryelski's careless, negligent, and/or reckless conduct was a direct and proximate cause of the Collision.

58.     Upon information and belief, on or about the aforementioned date, time, and place, Defendant Gabryelski's careless, negligent, and/or reckless conduct was a direct and proximate cause of Plaintiff Patrick Gleason's injuries, losses, and damages.

59.     As a direct and proximate result of Defendant Gabryelski's careless, negligent, and/or reckless conduct and the Collision, Plaintiff Patrick Gleason has suffered economic and non-economic injuries, losses, and damages.

60.     As a direct and proximate result of Defendant Gabryelski's careless, negligent, and/or reckless conduct and the Collision, Plaintiff Patrick Gleason has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the Collision.

61.     As a direct and proximate result of Defendant Gabryelski's careless, negligent, and/or reckless conduct and the Collision, Plaintiff Patrick Gleason suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

62.     As a direct and proximate result of Defendant Gabryelski's careless, negligent, and/or reckless conduct and the Collision, Plaintiff Patrick Gleason suffered temporary and permanent physical impairment and physical disfigurement.

63.     Plaintiff Patrick Gleason was not comparatively careless, negligent and/or reckless in causing the Collision or his injuries, losses, and damages.

COMPLAINT

64.    Prior to the Collision, Plaintiff Linda Gleason spent time with her husband, Plaintiff Patrick Gleason, socializing with their friends and family members and playing with their grandchildren.

65.    As a direct and proximate result of the Collision caused by the careless, negligent, and/or reckless conduct of Defendant Gabryelski and Defendant Schneider, and the injuries, losses, and damages to her husband as a result of the Collision, Plaintiff Patrick Gleason, Plaintiff Linda Gleason has not been able to spend time with her husband, Plaintiff Patrick Gleason, socializing with their friends and family members and playing with their grandchildren to the same extent that she did prior to the Collision.

66.    Prior to the Collision, Plaintiff Patrick Gleason took care of his personal grooming tasks, did inside and outside household chores, and worked.

67.    As a direct and proximate result of the Collision caused by the careless, negligent, and/or reckless conduct of Defendant Gabryelski and Defendant Schneider, and the injuries, losses, and damages to her husband, Plaintiff Patrick Gleason, as a result of the Collision, Plaintiff Linda Gleason has been forced to assist Plaintiff Patrick Gleason with his personal grooming tasks as well as complete the inside and outside household chores that Plaintiff Patrick Gleason did prior to the Collision.

68.    Prior to the Collision, Plaintiff Patrick Gleason was able to go on bike rides, hike in the nearby national forest, takes walks with their dog, and enjoy recreational activities with his wife, Plaintiff Linda Gleason.

69.    As a direct and proximate result of the Collision caused by the careless, negligent, and/or reckless conduct of Defendant Gabryelski and Defendant Schneider, and the injuries, losses, and damages to her husband, Plaintiff Patrick Gleason, as a result of the Collision, Plaintiff Linda

Gleason is no longer able to go on bike rides, hike in the nearby national forest, take walks with their dog, and enjoy recreational activities with her husband, Plaintiff Patrick Gleason.

70.     Prior to the Collision, Plaintiff Patrick Gleason was able to dress and undress himself as well as care for his home and person.

71.     As a direct and proximate result of the Collision caused by the careless, negligent, and/or reckless conduct of Defendant Gabryelski and Defendant Schneider, and the injuries, losses, and damages to her husband, Plaintiff Patrick Gleason, as a result of the Collision, Plaintiff Linda Gleason has had to assist her husband, Plaintiff Patrick Gleason, with dressing and undressing and other personal care tasks and assume complete care for their home.

72.     As a direct and proximate result of Defendant Gabryelski's and Defendant Schneider's careless, negligent, and/or reckless conduct and the Collision, Plaintiff Linda Gleason has suffered loss of consortium injuries, losses, and damages.

73.     Plaintiff Linda Gleason was not present when the crash occurred and was not comparatively careless, negligent and/or reckless in causing the Collision or her injuries, losses, and damages.

<u>**FIRST CLAIM FOR RELIEF**</u>
**Negligence – Defendant Gabryelski**

74.     Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 73 of this Complaint as if set forth *verbatim.*

75.     On or about the aforementioned date, time, and place, Defendant Gabryelski owed Plaintiff Patrick Gleason a duty to use reasonable care in the operation of the 2016 Freightliner owned by Defendant Schneider and driven by Defendant Gabryelski at the time of the Collision.

76.     Specifically, Defendant Gabryelski carelessly, negligently, and/or recklessly failed to exercise ordinary reasonable care, failed to keep a proper lookout, failed to maintain control of

the 2016 Freightliner, failed to keep the 2016 Freightliner in the proper lane, allowed the 2016 Freightliner to cross the center line of Colorado Highway 160, and failed to stop the 2016 Freightliner prior to colliding with the 2020 Freightliner driven by Plaintiff Patrick Gleason thereby causing the Collision between the 2016 Freightliner and the 2020 Freightliner.

77.    By her careless, negligent, and/or reckless acts and omissions, Defendant Gabryelski breached the aforementioned duty(ies) she owed to Plaintiff Patrick Gleason.

78.    The aforementioned breaches of duty were a direct and proximate cause of the Collision and the injuries, harms, damages, and losses sustained by Plaintiff Patrick Gleason.

79.    As a direct and proximate result of Defendant Gabryelski's careless, negligent, and/or reckless breaches of the aforementioned duties and the Collision, Plaintiff Patrick Gleason has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the Collision as described above.

80.    As a direct and proximate result of Defendant Gabryelski's careless, negligent, and/or reckless breaches of the aforementioned duties and the Collision, Plaintiff Patrick Gleason suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

81.    As a direct and proximate result of Defendant Gabryelski's careless, negligent, and/or reckless breaches of the aforementioned duties and the Collision, Plaintiff Patrick Gleason suffered temporary and permanent physical impairment and physical disfigurement.

82.    Plaintiff Patrick Gleason was not comparatively careless, negligent and/or reckless in causing the Collision or his injuries, losses, and damages.

## SECOND CLAIM FOR RELIEF
### Negligence *per se* – Defendant Gabryelski

83.     Plaintiffs incorporate herein by this reference the allegations contained in paragraphs 1 through 82 of this Complaint, as if set forth *verbatim*.

84.     When Defendant Gabryelski operated the 2016 Freightliner in a careless, negligent, and/or reckless manner on or about the aforementioned date, time, and place, she was in violation of applicable statutes of the State of Colorado including, but not limited to: **Reckless Driving**, C.R.S. § 42-4-1401; **Careless Driving**, C.R.S. § 42-4-1402(1); **Careless Driving Causing Bodily Injury**, C.R.S. § 42-4-1402(2)(b); **Drive On The Right Side -- Exceptions**, C.R.S. § 42-4-1001; and **Driving On Roadways Laned For Traffic**, C.R.S. § 42-4-1007.

85.     Plaintiff Patrick Gleason is a member of the class for whose protection the above-mentioned statutes were enacted.

86.     The Collision hereinabove described and the injuries, harms, and/or damages that the Plaintiff Patrick Gleason suffered as a result of that Collision are the kind of injuries, harms, and/or damages sought to be prevented by the passage of the above-mentioned statutes.

87.     The above-mentioned ordinance and/or statutory violations by Defendant Gabryelski were a direct and proximate cause of the Collision as well as the Plaintiff Patrick Gleason's injuries, harms, damages, and losses as previously described.

88.     As a direct and proximate result of Defendant Gabryelski's violations of the above-mentioned statutes and the Collision, Plaintiff Patrick Gleason has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the Collision as described above.

89.     As a direct and proximate result of Defendant Gabryelski's violations of the above-mentioned statutes and the Collision, Plaintiff Patrick Gleason suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

90.     As a direct and proximate result of Defendant Gabryelski's violations of the above-mentioned statutes and the Collision, Plaintiff Patrick Gleason suffered temporary and permanent physical impairment and physical disfigurement.

91.     Plaintiff Patrick Gleason was not comparatively careless, negligent and/or reckless in causing the Collision or his injuries, losses, and damages.

## THIRD CLAIM FOR RELIEF
### Vicarious Liability of Defendant Schneider for the
### Negligent Conduct of its Employee And/Or Agent Defendant Gabryelski

92.     Plaintiffs incorporate herein by this reference the allegations contained in paragraphs 1 through 91 of this Complaint, as if set forth *verbatim*.

93.     Upon information and belief, at the aforementioned time, date, and place of the Collision, Defendant Gabryelski was an employee and/or agent of Defendant Schneider.

94.     Upon information and belief, at the aforementioned time, date, and place of the Collision, Defendant Gabryelski was acting within the course and scope of her employment and/or agency with Defendant Schneider.

95.     Pursuant to the doctrines of vicarious liability and/or vicarious liability under theory of *respondeat superior*, Defendant Schneider is liable for the carelessness, negligence, and/or recklessness of its agents and/or employees (including Defendant Gabryelski) and the resulting injuries, harms, damages, and losses caused by the carelessness, negligence, and/or recklessness

of its agents and/or employees, while those agents and/or employees are acting within the course and scope of their agency and/or employment.

96.     The acts or omissions of Defendant Schneider's agent and/or employee, Defendant Gabryelski, at the time of the aforementioned Collision, are by law deemed the acts or omissions of Defendant Schneider.

97.     Defendant Schneider is liable for Plaintiff Patrick Gleason's injuries, harms, losses, and damages as set forth above based on the doctrines of vicarious liability and/or vicarious liability under theory of *respondeat superior*.

98.     Plaintiff Patrick Gleason was not comparatively careless, negligent and/or reckless in causing the Collision or his injuries, losses, and damages.

## FOURTH CLAIM FOR RELIEF
### Negligent Entrustment Against Defendant Schneider

99.     Plaintiffs incorporate herein by this reference the allegations contained in paragraphs 1 through 98 of this Complaint, as if set forth *verbatim*.

100.    Defendant Schneider owned or otherwise controlled the 2016 Freightliner that Defendant Gabryelski was operating at the time of the aforementioned Collision.

101.    Defendant Schneider owed a duty to Plaintiff to not permit Defendant Gabryelski to use the aforementioned 2016 Freightliner it owned or otherwise controlled when it knew or should have known that Defendant Gabryelski was likely to operate the 2016 Freightliner in such a manner as to create an unreasonable risk of harm to others, such as Plaintiff.

102.    Upon information and belief, prior to the Collision, Defendant Gabryelski was inexperienced to operate a tractor trailer in mountain winter weather driving conditions.

103.     Upon information and belief, prior to the Collision, Defendant Schneider knew Defendant Gabryelski was inexperienced to operate a tractor trailer in mountain winter weather driving conditions.

104.     Based upon Defendant Gabryelski's inexperience in operating a tractor trailer in mountain winter weather driving conditions, Defendant Schneider knew or should have known that Defendant Gabryelski was likely to operate the 2016 Freightliner in such a manner as to create an unreasonable risk of harm to others, such as Plaintiff.

105.     Defendant Schneider permitted Defendant Gabryelski to use the aforementioned 2016 Freightliner it owned or otherwise controlled when it knew or should have known that Defendant Gabryelski was likely to operate the 2016 Freightliner in such a manner as to create an unreasonable risk of harm to others, such as Plaintiff.

106.     Defendant Schneider breached its aforementioned duties by permitting Defendant Gabryelski to use the aforementioned 2016 Freightliner it owned or otherwise controlled when it knew or should have known that Defendant Gabryelski was likely to operate the 2016 Freightliner in such a manner as to create an unreasonable risk of harm to others, such as Plaintiff.

107.     Defendant Schneider negligently entrusted the aforementioned 2016 Freightliner to Defendant Gabryelski.

108.     Defendant Schneider's negligent entrustment of the 2016 Freightliner to Defendant Gabryelski was a direct and proximate cause of the Collision as well as the injuries, losses, and damages suffered by Plaintiff, as set forth above.

109.     As a direct and proximate result of Defendant Schneider's breaches of its aforementioned duties at or about the aforementioned date, time, and place, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and

future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the Collision as described above.

110.    As a direct and proximate result of Defendant Schneider's breaches of its aforementioned duties at or about the aforementioned date, time, and place, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

111.    As a direct and proximate result of Defendant Schneider's breaches of its aforementioned duties at or about the aforementioned date, time, and place, Plaintiff suffered temporary and permanent physical impairment and physical disfigurement.

112.    Plaintiff Patrick Gleason was not comparatively careless, negligent and/or reckless in causing the Collision or his injuries, losses, and damages.

## FIFTH CLAIM FOR RELIEF
### Negligent Hiring/Training/Supervision/Retention Against Defendant Schneider

113.    Plaintiffs incorporate herein by this reference the allegations contained in paragraphs 1 through 112 of this Complaint, as if set forth *verbatim*.

114.    Upon information and belief, at all times relevant hereto, Defendant Gabryelski was acting as an employee and/or agent of and for Defendant Schneider.

115.    Upon information and belief, at all times relevant hereto, as well as prior to hiring and/or retaining Defendant Gabryelski, Defendant Schneider was a nationwide trucking company.

116.    Upon information and belief, at all times relevant hereto, as well as prior to hiring and/or retaining Defendant Gabryelski, Defendant Schneider knew its tractor trailers would be required to travel in mountain winter weather driving conditions in service of Defendant Schneider's nationwide trucking company business.

117.     Upon information and belief, at all times relevant hereto, as well as prior to hiring and/or retaining Defendant Gabryelski, Defendant Schneider knew its employee and/or agent drivers of its tractor trailers, such as Defendant Gabryelski, would be required to drive in mountain winter weather driving conditions in service of Defendant Schneider's nationwide trucking company business.

118.     Upon information and belief, prior to being hired or retained by Defendant Schneider, Defendant Gabryelski was inexperienced to operate a tractor trailer in mountain winter weather driving conditions.

119.     Upon information and belief, prior to being hired or retained by Defendant Schneider, Defendant Schneider knew or should have known Defendant Gabryelski was inexperienced to operate a tractor trailer in mountain winter weather driving conditions.

120.     Upon information and belief, prior to the Collision that is the subject of this Civil Action, Defendant Gabryelski remained inexperienced to operate a tractor trailer in mountain winter weather driving conditions.

121.     Upon information and belief, prior to the Collision that is the subject of this Civil Action, Defendant Schneider knew or should have known that Defendant Gabryelski remained inexperienced to operate a tractor trailer in mountain winter weather driving conditions.

122.     Based on Defendant Gabryelski's inexperience to operate a tractor trailer in mountain winter weather driving conditions, Defendant Schneider, prior to hiring and/or retaining Defendant Gabryelski and prior to the Collision at issue in the instant case, either failed to discover that Defendant Gabryelski created an undue risk of harm to others, such as Plaintiff, or failed to remedy same via training, supervision, and/or retention decisions, or both.

123.    Upon information and belief, prior to the Collision that is the subject of this Civil Action, Defendant Schneider negligently and carelessly hired, trained, supervised, and/or retained Defendant Gabryelski.

124.    Defendant Schneider owed Plaintiff a duty to exercise reasonable care in the hiring, supervision, training, and/or retention of its agents and/or employees, such as Defendant Gabryelski.

125.    Defendant Schneider breached its afore-mentioned duty by failing to exercise reasonable care in the hiring, supervision, training, and/or retention of its agents and/or employees, specifically Defendant Gabryelski.

126.    As a direct and proximate result of Defendant Schneider's breaches of the above-listed duties, Plaintiff has suffered economic and non-economic injuries, losses, and damages.

127.    As a direct and proximate result of Defendant Schneider's breaches of the above-listed duties, Plaintiff has incurred in the past and will incur in the future economic expenses, losses and damages, including, but not limited to past and future medical expenses, loss of earnings, and impairment of earning capacity.

128.    As a direct and proximate result of Defendant Schneider's breaches of the above-listed duties, Plaintiff suffered in the past and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

129.    As a direct and proximate result of Defendant Schneider's breaches of the above-listed duties, Plaintiff has suffered in the past and will continue to suffer in the future permanent physical impairment and disfigurement.

130.     Plaintiff Patrick Gleason was not comparatively careless, negligent and/or reckless in causing the Collision or his injuries, losses, and damages.

### SIXTH CLAIM FOR RELIEF
**Loss of Consortium Against Defendants Gabryelski and Schneider**

131.     Plaintiffs incorporate herein by this reference the allegations contained in paragraphs 1 through 130 of this Complaint, as if set forth *verbatim*.

132.     Defendant Gabryelski was careless, negligent, and/or reckless in causing the Collision.

133.     Defendant Schneider was careless, negligent, and/or reckless in causing the Collision and/or is vicariously liable for the careless, negligent, and/or reckless conduct of Defendant Gabryelski in causing the Collision.

134.     As a direct and proximate result of the careless, negligent, and/or reckless conduct of Defendants Gabryelski and Schneider and the Collision, Plaintiff Linda Gleason has suffered loss of consortium economic damages including, but not limited to, loss of household services and resulting expenses.

135.     As a direct and proximate result of the careless, negligent, and/or reckless conduct of Defendants Gabryelski and Schneider and the Collision, Plaintiff Linda Gleason has suffered noneconomic damages including, but not limited to, loss of affection, society, companionship, and aid and comfort of her husband, Plaintiff Patrick Gleason.

136.     Plaintiff Patrick Gleason was injured as a result of Defendants' negligence and the Collision.

137.     Plaintiff Linda Gleason and Plaintiff Patrick Gleason were married at the time Plaintiff Patrick Gleason was injured as a result of the Collision and Defendants' careless, negligent, and/or reckless conduct.

138. As a result of such injuries to Plaintiff Patrick Gleason, Plaintiff Linda Gleason also had a loss of her rights of consortium.

139. Plaintiff Linda Gleason was not comparatively careless, negligent and/or reckless in causing the Collision or her loss of consortium injuries, losses, and damages.

WHEREFORE, Plaintiffs Patrick Gleason and Linda Gleason demand judgment against Defendant Gabryelski and Defendant Schneider for injuries, harms, losses, and damages incurred, reasonable attorneys' fees and costs, pre- and post-judgment interest, expert witness fees, and for all other appropriate relief.

## JURY DEMAND

Plaintiffs request a trial to a jury on all issues so triable.

Dated this 15 day of December, 2022.

Respectfully submitted,

*/s/ J. Kyle Bachus, Esq.*
J. Kyle Bachus, Esq. Colo. Atty. Reg. #24441
BACHUS & SCHANKER, LLC
101 W. Colfax Ave., Ste. 650
Denver, CO 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Email: kyle.bachus@coloradolaw.net
*Attorney for Plaintiff Patrick Gleason*